UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DEVIN PUCKETT**                                                                               **PLAINTIFF**

**v.**                                                                               **CIVIL ACTION NO. 5:22-cv-110-BJB**

**BRAD HEWELL et al.**                                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Devin Puckett brought this 42 U.S.C. § 1983 lawsuit. This matter is before the Court for screening under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses Plaintiff's claims but allows him to file an amended complaint. Additionally, the Court denies Plaintiff's motion for "emotional and physical distress" (DN 5).

### I. STATEMENT OF CLAIMS

Plaintiff is a convicted prisoner who was incarcerated at the Christian County Jail (CCJ) at the time pertinent to his Complaint. He sues, in their individual capacities, CCJ Jailer Brad Hewell and Mayor Wendell Lynch of Hopkinsville, where CCJ is located.

He brings three claims. First, Plaintiff alleges that CCJ violated his constitutional rights during the Covid-19 pandemic "by not practicing social distancing and not quarantining inmates fresh off the streets and loading them in the same dorm as me." DN 1, p. 4. He next alleges that he caught Covid-19 on three different dates while housed at CCJ: August 30, 2021 and October 16 and January 11, 2022. This, he says, caused him frequent migraines and permanent loss of smell and taste for certain things. *Id*. Finally, he alleges that he "asked for cleaning supplies on those dates because of unsanitary conditions and black mold and was not given them." *Id*.

Plaintiff asks for compensatory and punitive damages. *Id*. at 6.

\* \* \*

Plaintiff also filed a motion for "emotional and physical distress" (DN 5), which simply restates the allegations in the Complaint and asks for the same relief as in the Complaint.

Given that this motion does not add to the legal claims or relief pursued by Plaintiff in the Complaint, it fails for the same reasons the Complaint fails below. The Court therefore **DENIES** as duplicative and legally meritless Plaintiff's motion for "emotional and physical distress" (DN 5).

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

Plaintiff sues both Defendants only in their individual capacities. He does not, however, mention either Defendant in the body of the Complaint. He alleges that "Christian County Jail" violated his constitutional rights during the pandemic by failing to practice social distancing or

quarantining new inmates. He also states that his requests for cleaning supplies were denied, but he does not explain by whom.

If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent that Plaintiff seeks to hold these Defendants liable based solely under their supervisory positions as CCJ Jailer and Hopkinsville Mayor, his claims against them fail. Supervisory liability generally doesn't apply under § 1983. The doctrine of *respondeat superior* does not impute liability onto supervisory personnel, *see Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978), unless a plaintiff shows "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train, or control an employee is not actionable under § 1983 unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Under Federal Rule of Civil Procedure 15(a), "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). If Plaintiff can in good faith plausibly allege personal

involvement of one or both Defendants that caused the alleged constitutional violations, Plaintiff may file an amended complaint setting forth those allegations within 30 days.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** Plaintiff's claims against Defendants for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1), and

**ORDERS** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to allege facts to show personal involvement of one or both Defendants causing the alleged constitutional violations.

The Courts instructs the Clerk to place this case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint.

Date: January 9, 2023

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Christian County Attorney
　　City Attorney for the City of Hopkinsville, 101 N. Main St., #1, Hopkinsville, KY 42240
B213.009